IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

WILLIE E. SCOTT, AIS # 165244, :

    Plaintiff, :

vs. : CIVIL ACTION 10-00170-WS-B

WARDEN PATTERSON, *et al.*, :

    Defendants. :

## REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding pro se and in forma pauperis, filed a Complaint under 42 U.S.C. § 1983. His action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). Upon review, it is recommended that this action be dismissed with prejudice, prior to service of process, as duplicative of Plaintiff's other action, Scott v. Warden Patterson, CA 09-00504-KD-C, on the Court's docket.

**I. Nature of Proceedings.**

In the present action Plaintiff complains about being bitten on the leg on July 15, 2009 while collecting garbage on a Baldwin County trash truck for his work release job. (Doc. 3 at

1

4-7).[1]  According to Plaintiff, the driver of the truck returned him to the work release center due to the swelling in his leg; however, Defendants Lt. Banks and Sgt. Richerson did not give him any medical care but instead required him to return to work. Plaintiff contends that he did not receive any medical care until six days later. Plaintiff has named the following individuals as Defendants in the present Complaint: Warden Tony Patterson, Lt. Banks, and Sgt. Richerson.  (Id. at 6-7).

In Plaintiff's original complaint filed in this action (Doc. 1), he indicates that he previously filed an action in this Court, namely Scott v. Warden Patterson, CA 09-00504-KD-C, which was dismissed because Warden Patterson failed to send a form for the motion to proceed without prepayment of fees. (Id. at 2).  Notwithstanding Plaintiff's contention, a review of the Court's docket reflects that Plaintiff's earlier filed action has not been dismissed but has proceeded and is at the summary judgment stage.    See   (CA  09-00504-KD-C,  Docs.  15,  22). Moreover, the Defendants in the present action are also named as Defendants in the earlier filed action.[2] (CA 09-00504-KD-C, Doc. 1 at 5-6).  The prior action also includes an additional

---

[1] The Complaint before the Court is Plaintiff's superseding Amended Complaint.  (Doc. 2).

[2] Defendant Richerson is identified as Defendant Richardson in the prior action.  (CA-09-00504-KD-C, Docs. 20, 21).

Defendant, Nurse Geohagan, who has not been named in the instant action.[3] (CA-09-00504, Doc. 1 at 8). Like this action, in the earlier filed action, Plaintiff is suing Defendants for their actions or lack thereof, towards him following the bite that he sustained to his leg on July 15, 2009. (CA-09-00504, Doc. 1 at 4-6, 8-19).

**II. Analysis.**

"As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit." Curtis v. Citibank, 226 F.3d 133, 138 (2d Cir. 2000); see Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817, 96 S.Ct. 1236, 1246, 47 L.Ed.2d 483 (1976) ("[A]s between federal district courts, . . . the general principle is to avoid duplicative litigation."). The considerations behind this principle are "(w)ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." Id. (parenthesis in original).

"[T]he general rule is that a suit is duplicative of another suit if the parties, issues and available relief do not significantly differ between the two actions." I. A. Durbin,

---

[3] Nurse Geohagan is identified as Defendant Gohagin in the earlier filed action. (CA-09-00504-KD-C, Docs. 12, 13).

3

Inc. v. Jefferson Nat'l Bank, 793 F.2d 1541, 1551 (11th Cir. 1986). Broad discretion is given to trial courts "in determining whether to stay or dismiss litigation in order to avoid duplicating a proceeding already pending in another federal court." Id.

Upon review of Plaintiff's pending actions, it is clear that Plaintiff's damages claims against Defendants Patterson, Richerson, and Banks in the present action are based on the same incident and include the same allegations that are lodged against them in CA 09-0504-KD-C , where damages are also sought. See (CA 09-0504-KD-C, Doc. 1 at 16-17). In light of Plaintiff's pro se status, and the Court's limited resources, the undersigned is unable to discern a reason for developing the present action further, i.e., because as noted supra, Plaintiff has an earlier filed action currently pending against the present Defendants concerning the very same incident. Accordingly, Plaintiff's present action should be dismissed because his claims against Defendants Patterson, Banks, and Richerson are duplicative of those in his other pending action. Cf. Mathis v. Hughes, 2008 WL 3891514, at *1 (M.D. Ala. Aug. 20, 2008) (finding the complaint indistinguishable from other actions by plaintiff pending on the docket and dismissed the complaint as malicious under 28 U.S.C. § 1915(e)(2)(B)(i)).

**III. Conclusion.**

Based upon the foregoing reasons it is recommended that this action be dismissed with prejudice as duplicative.

The instructions that follow the undersigned's signature contain important information regarding objections to the Report and Recommendation of the Magistrate Judge.

DONE this **29th** day of **November, 2010.**

        **/s/ SONJA F. BIVINS**
        **UNITED STATES MAGISTRATE JUDGE**

# MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**.  Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[4] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

---

[4] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]"  FED.R.CIV.P. 72(b)(2).

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Opposing party's response to the objection.** Any opposing party may submit a brief opposing the objection within fourteen (14) days of being served with a copy of the statement of objection. FED.R.CIV.P. 72.

3. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this **29th** day of **November**, **2010.**

    /s/ SONJA F. BIVINS
**UNITED STATES MAGISTRATE JUDGE**